UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS BOYD,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. C12-5861-MJP<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

THIS MATTER comes before the Court on Plaintiff's objections to the Report and Recommendation of the Honorable Magistrate Judge Brian A. Tsuchida. (Dkt. No. 26.) The Court considered the Report and Recommendation (Dkt. No. 25), the objections, Defendant's reply (Dkt. No. 27) and all related documents and ADOPTS the report and recommendation.

The Parties agree the Administrative Law Judge's ("ALJ") treatment of Dr. Richard Edelson's opinions were erroneous. (Dkt. No. 25 at 1.) Defendant supports, and Judge Tsuchida recommends, reversing and remanding the Commissioner's decision for further administrative proceedings. (Dkt. No. 25 at 1.) Plaintiff believes a remand for an immediate award of benefits is warranted. (Dkt. No. 26 at 4.)

**Analysis**

When an ALJ misevaluates a claimant's application, the proper solution is, "except in rare circumstances, to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004.) It is "in the unusual case in which it is clear from the

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

record that the claimant is unable to perform gainful employment in the national economy" where remand for the immediate award of benefits is appropriate." Id. A case is of this type when "remanding for further administrative proceedings would serve no useful purpose[.]" Id. A remand for an immediate award of benefits is appropriate when "(1) the ALJ has failed to provide legally sufficient reasons for rejecting [evidence that should be credited as true], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Smolen v. Charter, 80 F.3d 1273, 1292 (9th Cir. 1996).

Dr. Edelson made two medical statements at issue: (1) "Plaintiff could perform no overhead work, no repetitive use of the L arm, no lifting more than ten pounds, and no commercial truck driving" and (2) "no overhead work, repetitive lifting away from the body, and [no] lifting more than ten pounds from floor to shoulder height." (Dkt. No. 26 at 3.) The vocational expert ("VE") testified with respect to the first statement, Plaintiff's lack of bilateral dexterity would preclude him from performing competitive employment. (AR at 71.) With respect to the second statement, the VE testified there were jobs Plaintiff could do with the specified limitations. (AR at 68.) As the Report and Recommendation points out, whether or not Plaintiff is disabled depends on which of these medical opinions is adopted, and the ALJ did not make clear which he relied on. (Dkt. No. 25.) Plaintiff argues Dr. Edelson's statements are not contradictory, and instead form the whole of his medical opinion. (Dkt. No. 26 at 3.) Plaintiff contends, but cites no authority to support the proposition the ALJ may not parcel out portions of a medical opinion when posing hypothetical questions to a VE. (Id.)

Dr. Edelson's two opinions that formed the basis of the questions posed to the VE were issued on two separate dates: January 14, 2009 and February 17, 2009. (AR at 300-301.) They were issued after separate examinations. (Id.) The opinions say different things, which when presented separately to the VE, yielded different determinations regarding disability. Plaintiff fails

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

to provide any support for the proposition the opinions are not conflicting, and the fact that the VE found disability from one opinion and no disability from another indicates they are in fact conflicting. This case does not meet the <u>Smolen</u> test for an immediate award of benefits because it is not clear from the record the ALJ would be required to find claimant disabled if all credible evidence were properly credited, because it is unclear how the ALJ relied on Dr. Edleson's testimony.

**Conclusion**

The Court, after careful consideration of the plaintiff's complaint, the parties' briefs, the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, and the balance of the record, ORDERS:

(1) The Court adopts the Report and Recommendation.

(2) The Commissioner's decision is REVERSED and the case is REMANDED to the Social Security Administration for further proceedings consistent with the Report and Recommendation.

(3) The Clerk is directed to send copies of this Order to the parties and to Judge Brian A. Tsuchida.

DATED this 16th day of May, 2013.

Marsha J. Pechman
Chief United States District Judge